

1  RUTTER HOBBS & DAVIDOFF
     INCORPORATED
2  GEOFFREY M. GOLD (State Bar No. 142625)
   ggold@rutterhobbs.com
3  ROSSLYN STEVENS HUMMER (State Bar No. 190615)
   bhummer@rutterhobbs.com
4  1901 Avenue of the Stars
   Suite 1700
5  Los Angeles, CA 90067
   Telephone:  (310) 286-1700
6  Facsimile:  (310) 286-1728

7  FRIEDMAN & FEIGER, L.L.P.
   LAWRENCE J. FRIEDMAN (Pro Hac Vice Pending)
8  LFriedman@fflawoffice.com
   SHAUNA A. IZADI (Pro Hac Vice Pending)
9  SIzadi@fflawoffice.com
   5301 Spring Valley Road, Suite 200
10 Dallas, Texas 75254
   Telephone (972) 788-1400
11 Facsimile (972) 788-2667

12 SHAVER LAW FIRM, PLLC
   STEVEN R. SHAVER (Pro Hac Vice Pending)
13 SShaver@Shaverlawfirm.com
   301 Town East Tower,
14 18601 LBJ Freeway
   Mesquite, Texas 75150
15 Telephone: (214) 295-2901
   Facsimile: 2147-432-6688

16
   Attorneys for Defendant Claimholders
17 BRIAN POTASHNIK; ET AL.

18              UNITED STATES DISTRICT COURT

19              CENTRAL DISTRICT OF CALIFORNIA

20

21                          CV09-6181GHK(RCx)

22

23

24

25                    Notice of Removal

26

27

28

506478

{7744.002-585990.DOC-(1)}

| | |
|---|---|
| 1 | HOWREY LLP, | Case No.: |
| 2 |      Nominal Plaintiff, | NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1335 |
| 3 | v. | FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND |
| 4 | BRIAN POTASHNIK; SOUTHWEST HOUSING MANAGEMENT COMPANY; | FOR THE COUNTY OF LOS ANGELES |

1  HOWREY LLP,

2         Nominal Plaintiff,

3  v.

4  BRIAN POTASHNIK; SOUTHWEST
   HOUSING MANAGEMENT COMPANY;

5  TEXAS BROOK PROPERTIES CORP.;
   SOUTHWEST HOUSING

6  INVESTMENT, INC.; SOUTHWEST
   HOUSING DEVELOPMENT COMPANY,

7  INC.; TEXAS MELODY PROPERTIES
   CORP.; TEXAS BIRCHWOOD

8  PROPERTIES CORP.; ARLINGTON
   SENIOR HOUSING DEVELOPMENT

9  CORP.; TEXAS KIRNWOOD
   PROPERTIES CORP.; NATIONAL

10 CORPORATE TAX CREDIT FUNDS III,
   IV, VI, VII; AND NATIONAL

11 CORPORATE TAX CREDIT, INC. III, IV,
   VI, VII,

12       Defendant Claimholders.

13

Case No.:

NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. §§ 1332 AND 1335
FROM THE SUPERIOR COURT OF
THE STATE OF CALIFORNIA IN AND
FOR THE COUNTY OF LOS
ANGELES

(Los Angeles County Superior Court
Case No. BC 418556)

[Declaration of Shauna Izadi filed
concurrently]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL

{7744.002-585990.DOC-(1)}

1 | TO THE HONORABLE UNITED STATES DISTRICT COURT, TO ALL PARTIES

2 | HEREIN AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

3      PLEASE TAKE NOTICE that Brian Potashnik, Southwest Housing

4 | Management Company, Texas Brook Properties Corp., Southwest Housing

5 | Investment, Inc., Southwest Housing Development Company Inc., Texas

6 | Melody Properties Corp., Texas Birchwood Properties Corp., Arlington Senior

7 | Housing Development Corp., and Texas Kirnwood Properties, Corp. (the

8 | "Potashnik defendants"), through undersigned counsel, hereby remove the

9 | above-captioned action from the Superior Court of the State of California in

10 | and for the County of Los Angeles, to the United States District Court for the

11 | Central District of California, pursuant to 28 U.S.C. §§ 1332, 1335, and 1441,

12 | and respectively state:

13     1.    On or about July 24, 2009, plaintiff Howrey, LLP commenced an

14 | interpleader action against the Potashnik defendants and National Corporate

15 | Tax Credit Funds III, IV, VI, VII and National Corporate Tax Credit, Inc., III,

16 | IV, VI, VII by filing a Complaint ("Complaint") in the Superior Court of the

17 | State of California in and for the County of Los Angeles bearing case number

18 | BC 418556.  Plaintiff provided a copy of the Complaint to the undersigned

19 | on the evening of July 24, 2009 via email.  (See Declaration of Shauna

20 | Izadi).

21     2.    Plaintiff served Defendants with a copy of the summons and

22 | Complaint on or about August 14, 2009.  Copies of the Complaint and Notice

23 | and Acknowledgment of Receipt are attached hereto respectively as Exhibits

24 | "A" and "B."

25     3.    As more fully set out below, this case is properly removed to this

26 | Court pursuant to 28 U.S.C. § 1441(b) because the Potashnik defendants

27 | have satisfied the procedural requirements for removal and this Court has

28 | original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1335.

{7744.002-585990.DOC-(1)}

I.   **DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

4.   Defendants became aware of Plaintiff's Complaint on or about July 24, 2009. (See Declaration of Shauna Izadi at ¶ 3). Plaintiff served Defendants with the Complaint on August 14, 2009. (See Summons). This Notice of Removal is being filed within thirty (30) days from when the Potashnik defendants became aware of the Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5.   The Superior Court of the State of California in and for the County of Los Angeles is located within the Central District of California. Therefore, venue is proper pursuant to 28 U.S.C. § 89(c) because it is the "district and division embracing the place where such action is pending." See U.S.C. § 1441(a).

6.   Pursuant to 28 U.S.C § 1446(a) a copy of all process, pleadings, and orders served upon the Defendants is attached. Potashnik defendants include a copy of Plaintiff's Original Complaint with Summons and Notice and Acknowledgment of Receipt, attached hereto as Exhibits "A" and "B," respectively.

7.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, counsel for National Corporate Tax Credit Funds III, IV, VI, VII and National Corporate Tax Credit, Inc., III, IV, VI, VII, Howrey, LLP, and the representatives of National Corporate Tax Credit Funds III, IV, VI, VII and National Corporate Tax Credit, Inc., III, IV, VI, VII.

II.  **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332, 1335 AND 1441.**

8.   As shown below, this Court has original subject matter jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1335

2

{7744.002-585990.DOC-(1)}

1    because (i) it is an interpleader action; (ii) there is diversity of citizenship

2    between the nominal (stakeholder) plaintiff and the adverse claimants to the

3    interplead funds; (iii) the amount in controversy, based on the allegations of

4    the Complaint, exceeds $800,000, exclusive of interests and costs; and, (iv)

5    plaintiff Howrey, LLP has deposited the money in dispute with the clerk of

6    the Superior Court for the County of Los Angeles.

7        A.    INTERPLEADER, 28 U.S.C. § 1335.

8        9.    This Court has original jurisdiction of plaintiff's sole claim for

9    interpleader under 28 U.S.C. § 1335 because (i) the value of the money in

10   dispute is in excess of $500; (ii) two or more adverse claimants, of diverse

11   citizenship as defined in 28 U.S.C. § 1332(a), are claiming to be entitled to

12   such money; and (iii) the plaintiff has deposited the money in dispute with

13   the clerk of the Superior Court for the County of Los Angeles (See

14   Complaint).

15       B.    DIVERSITY OF CITIZENSHIP, 28 U.S.C. § 1332.

16       10.   There is the required diversity of citizenship under 28 U.S.C.

17   1332(a) because: (i) nominal plaintiff/stakeholder, Howrey, LLP is a is a

18   limited liability partnership who is incorporated under the laws of the District

19   of Columbia, and has its principal place of business at 1299 Pennsylvania Ave

20   NW, Washington DC 20004 (Declaration of Shauna Izadi at ¶ 2) ;  (ii)

21   defendants/claimants and real parties in interest National Corporate Tax

22   Credit Funds III, IV, VI and VII (collectively "NCTC Funds") are California

23   limited partnerships that invest and serve as limited partners in real estate

24   partnerships with the other defendants (see Complaint at ¶ 7); (iii)

25   defendants/claimants and real parties in interest National Corporate Tax

26   Credit, Inc. III, IV, VI, and VII (collectively "NCTC Corporations") are

27   California corporations that serve as special limited partners in real estate

28   partnerships with the other defendants (see Complaint at ¶ 8); (iv)

3

{7744.002-585990.DOC-(1)}

1  defendant/claimant and real party in interest Brian Potashnik is an individual

2  who is a citizen of the State of Texas (see Complaint at ¶ 12); and, (v)

3  defendants/claimants and real parties in interest, Southwest Housing

4  Management Company, Texas Brook Properties Corp., Southwest Housing

5  Investment, Inc., Southwest Housing Development Company Inc., Texas

6  Melody Properties Corp., Texas Birchwood Properties Corp., Arlington Senior

7  Housing Development, Corp., and Texas Kirnwood Properties Corp. are all

8  corporations organized under the laws of the State of Texas with their

9  principal place of business at 5910 N. Central Expressway, Suite 1145,

10  Dallas, Texas 75206. (see Complaint at ¶ 11).

11      11.    Accordingly, there is the required diversity of citizenship under

12  28 U.S.C. 1332(a).

13      **C.    MATTER IN CONTROVERSY EXCEEDS JURISDICTIONAL**

14          **AMOUNT.**

15      12.    The amount in controversy exceeds $75,000, exclusive of interest

16  and costs, as plaintiff has deposited funds totaling $800,806.98 in the

17  Superior Court for the County of Los Angeles, to which the Potashnik

18  claimants and the NCTC defendants/claimants have competing claims.  (See

19  Complaint at ¶ 3).

20      **D.    NOTICE TO PLAINTIFF AND STATE COURT**

21      13.    Promptly after the filing of this Notice of Removal,

22  defendants/claimants Brian Potashnik, Southwest Housing Management

23  Company, Texas Brook Properties Corp., Southwest Housing Investment,

24  Inc., Southwest Housing Development Company Inc.,  Texas Melody

25  Properties Corp., Texas Birchwood Properties Corp., Arlington Senior

26  Housing Development Corp., and Texas Kirnwood Properties, Corp. shall

27  given written notice thereof to nominal Plaintiff and defendants/claimants

28  NCTC Funds and NCTC Corporations through their respective counsel of

{7744.002-585990.DOC-(1)}

1 record and shall file a copy of that notice with the clerk of the Superior
2 Court.

### E.    CONCLUSION

4    WHEREFORE, pursuant to the provisions of 28 U.S.C. §§ 1332, 1335
5 and 1441(b), defendants/claimants Brian Potashnik, Southwest Housing
6 Management Company, Texas Brook Properties Corp., Southwest Housing
7 Investment, Inc., Southwest Housing Development Company Inc.,  Texas
8 Melody Properties Corp., Texas Birchwood Properties Corp., Arlington Senior
9 Housing Development Corp., and Texas Kirnwood Properties, Corp. remove
10 this Court the above-referenced action now pending before the Superior
11 Court of the State of California for the County of Los Angeles.

DATED:  August 24, 2009        RUTTER HOBBS & DAVIDOFF
                               INCORPORATED


By: _____
GEOFFREY M. GOLD
ggold@rutterhobbs.com
ROSSLYN STEVENS HUMMER
bhummer@rutterhobbs.com
1901 Avenue of the Stars
Suite 1700
Los Angeles, CA 90067
Telephone:  (310) 286-1700
Facsimile:  (310) 286-1728

ATTORNEYS FOR DEFENDANT
CLAIMHOLDERS Brian Potashnik;
Southwest Housing Management
Company, Texas Brook Properties Corp.,
Southwest Housing Investment, Inc.,
Southwest Housing Development
Company Inc., Texas Melody Properties
Corp., Texas Birchwood Properties Corp.,
Arlington Senior Housing Development
Corp., Texas Kirnwood Properties, Corp.

5
NOTICE OF REMOVAL

{7744.002-585990.DOC-(1)}

# EXHIBIT "A"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

BRIAN POTASHNIK; SOUTHWEST HOUSING MANAGEMENT
COMPANY      [Additional Parties Attachment form is attached]

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HOWREY LLP

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 24 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles Superior Court<br><br>111 N. Hill Street<br>Los Angeles, CA 90012-3014 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>**BC 418556** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Richard J. Burdge, Jr., Howrey LLP, 550 S. Hope St., Ste 1100, L.A., CA 90071; 213.892.1800

| | | | |
|---|---|---|---|
| **DATE:**<br>*(Fecha)*  JUL 24 2009 | Clerk, by<br>*(Secretario)* _____ | **S. WESLEY** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE:<br>Howrey LLP v. Potashnik | CASE NUMBER: |
|---|---|

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

SOUTHWEST HOUSING INVESTMENT, INC.; SOUTHWEST HOUSING DEVELOPMENT
COMPANY, INC.; TEXAS MELODY PROPERTIES CORP.; TEXAS BIRCHWOOD PROPERTIES
CORP.; ARLINGTON SENIOR HOUSING DEVELOPMENT CORP.; TEXAS KIRNWOOD
PROPERTIES CORP.; and NATIONAL CORPORATE TAX CREDIT FUNDS III, IV, VI, VII;
NATIONAL CORPORATE TAX CREDIT, INC. III, IV., VI, VII; *Texas Brook Properties Corp.*

Page <u>1</u> of <u>1</u>
Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

1 | Richard J. Burdge, Jr. (SBN 89504)
HOWREY LLP
2 | 550 South Hope Street, Suite 1100
Los Angeles, California 90071
3 | (213) 892-1800 (telephone)
(213) 892-2300 (facsimile)
4 | e-mail: burdger@howrey.com

5 | Attorneys for Nominal Plaintiff

6

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 24 2009

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF LOS ANGELES

10 | BC418556

11 | HOWREY LLP,                                          ) Case No.

12 |     Nominal Plaintiff,              ) **COMPLAINT FOR EQUITABLE**
                                       ) **INTERPLEADER UNDER CODE**
13 |     v.                              ) **OF CIVIL PROCEDURE SECTION 386,**
                                       ) **et seq.**
14 | BRIAN POTASHNIK; SOUTHWEST            )
HOUSING MANAGEMENT                       ) [Underlying funds deposited with the Court
15 | COMPANY; TEXAS BROOK                  ) concurrently with the filing of this complaint
PROPERTIES CORP.; SOUTHWEST              ) under Code of Civil Procedure section 386(c)]
16 | HOUSING INVESTMENT, INC.;             )
SOUTHWEST HOUSING                        )
17 | DEVELOPMENT COMPANY, INC.;            )
TEXAS MELODY PROPERTIES                  )
18 | CORP.; TEXAS BIRCHWOOD                )
PROPERTIES CORP.; ARLINGTON              )
19 | SENIOR HOUSING DEVELOPMENT            )
CORP.; TEXAS KIRNWOOD                    )
20 | PROPERTIES CORP.; NATIONAL            )
CORPORATE TAX CREDIT FUNDS               )
21 | III, IV, VI, VII; and NATIONAL        )
CORPORATE TAX CREDIT, INC. III,          )
22 | IV, VI, VII,                          )
                                       )
23 |     Defendant Claimholders          )
    (real parties in interest).      )
24 | _____)

25

26

27

28

INTERPLEADER COMPLAINT

## JURISDICTION AND VENUE

1.    This is a claim for equitable interpleader under Code of Civil procedure 386, et seq., relating to conflicting claims to settlement funds voluntarily deposited in nominal plaintiff Howrey LLP's attorney trust account.  Nominal plaintiff is a disinterested party with respect to the ultimate disposition of the deposited settlement proceeds, but, given the conflicting claims, finds it necessary to request a judicial determination with respect to disposition of the settlement proceeds.

2.    Concurrently with the filing of this interpleader action, and in accordance with Code of Civil Procedure section 386(c), nominal plaintiff has deposited with the clerk of the Court the sum of $800,806.98, being the entire amount of the deposited settlement proceeds ($800,000), plus accrued interest ($806.98).

3.    This Court has jurisdiction over the subject matter of this case pursuant to Code of Civil Procedure section 386, because nominal plaintiff holds funds that were deposited in its trust account and to which there are conflicting claims by defendant claimholders, which are the real parties in interest with respect to the deposited funds.

4.    This Court has personal jurisdiction over each of the defendants because each defendant has purposeful contacts with California and is doing business in the State of California.

5.    Venue in this county is proper because each defendant transacted business in this county and a substantial part of the events or omissions giving rise to this action occurred in this county.

## THE PARTIES

6.    Nominal plaintiff Howrey LLP is a law firm with offices in Los Angeles, California.

7.    Defendants and real parties in interest National Corporate Tax Credit Funds III, IV, VI and VII (collectively "NCTC Funds") are California limited partnerships that invest in and serve as limited partners in real estate partnerships with the other defendants and real parties in interest listed below.

---

INTERPLEADER COMPLAINT

1       8.     Defendants and real parties in interest National Corporate Tax Credit, Inc. III,

2    IV, VI and VII (collectively "NCTC Corporations") are California corporations that are

3    Special Limited Partners in the real estate partnerships referenced above and more fully

4    described below.

5       9.     Defendants and real parties in interest NCTC Funds and NCTC Corporations are

6    plaintiffs in a separate pending lawsuit in the Central District of California titled *National*

7    *Corporate Tax Credit Funds III, IV, VI, VII v. Brian Potashnik, et al.*, U.S.D.C. C.D. Cal. Case

8    No. CV07-03528 PSG (FMOx) (the "Underlying Lawsuit"). Nominal plaintiff Howrey LLP is

9    counsel of record for NCTC Funds and NCTC Corporations in the Underlying Lawsuit. Each

10    of the defendants and real parties in interest referenced below in paragraphs 10, 11 and 12 are

11    defendants in the Underlying Lawsuit. The Underlying Lawsuit involves six real estate

12    partnerships between the NCTC Funds and NCTC Corporations, on the one hand, and the

13    below named defendants, serving in various partnership capacities, on the other hand.

14    Plaintiffs in the Underlying Lawsuit sued defendants in the Underlying Lawsuit for failure to

15    abide by their obligations to the real estate partnerships and to plaintiffs, their limited partners

16    in the real estate partnerships. Plaintiffs in the Underlying Lawsuit filed the Underlying

17    Lawsuit to recover money damages from defendants in the Underlying Lawsuit (funds owed to

18    the real estate partnerships as well as directly to plaintiffs) and to remove defendants in the

19    Underlying Lawsuit as operating general partners from the six real estate partnerships.

20      10.    Defendants and real parties in interest Southwest Housing Management

21    Company; Texas Brook Properties Corp.; Southwest Housing Investment, Inc.; Southwest

22    Housing Development Company, Inc.; Texas Melody Properties Corp.; Texas Birchwood

23    Properties Corp.; Arlington Senior Housing Development Corp.; and Texas Kirnwood

24    Properties Corp. are each Operating General Partners, Management Agents, Principals, and/or

25    Guarantors, of one or more of the real estate partnerships referred to above.

26      11.    Defendants and real parties in interest Southwest Housing Management

27    Company; Texas Brook Properties Corp.; Southwest Housing Investment, Inc.; Southwest

28    Housing Development Company, Inc.; Texas Melody Properties Corp.; Texas Birchwood

1  Properties Corp.; Arlington Senior Housing Development Corp.; and Texas Kirnwood

2  Properties Corp. are all Texas corporations with their principal place of business in Dallas,

3  Texas.

4       12.    Defendant and real party in interest Brian Potashnik is an individual who plaintiff

5  is informed and believes resides in the State of Texas and is an officer, director, owner and/or

6  principal of the corporate defendants and real parties in interest referenced in paragraphs 10

7  and 11, above. Potashnik also individually serves as a "Principal" and Existing Limited

8  Partner in the real estate partnerships that are the subject of the Underlying Lawsuit.

9             **THE SETTLEMENT OF THE UNDERLYING LAWSUIT**

10      13.    On February 16, 2009, the parties to the Underlying Lawsuit agreed to settle that

11  case. The February 16 settlement agreement provided that defendants in the Underlying

12  Lawsuit would withdraw from the six real estate partnerships and plaintiffs in the Underlying

13  Lawsuits (or their designee) would assume the role of the operating general partner in each of

14  the partnerships.

15      14.    The settlement had three material terms: (a) defendants in the Underlying

16  Lawsuit would pay plaintiffs in the Underlying Lawsuit $800,000; (b) defendants in the

17  Underlying Lawsuit would assign to plaintiffs in the Underlying Lawsuit their general partner

18  interests and receivables in all six real estate partnerships and the properties owned by the

19  partnerships; and (c) plaintiffs in the Underlying Lawsuit would dismiss the Underlying

20  Lawsuit with prejudice.

21      15.    All parties understood that final settlement documents had to be drafted and

22  executed, but that too was part of the settlement agreement. While the parties in the

23  Underlying Lawsuit quickly began working on documenting the settlement agreement, the

24  parties set no deadline within which the documents had to be finalized and executed.

25      16.    In numerous instances, including in multiple filings with the court in the

26  Underlying Lawsuit (including as recently as May 8, 2009), all parties to the Underlying

27  Lawsuit confirmed an enforceable settlement was reached on February 16, 2009. By joint

28

1  stipulation, the parties to the Underlying Lawsuit requested that the court in the Underlying

2  Lawsuit confirm the settlement.

3       17.    By a May 8, 2009 declaration, defendants in the Underlying Lawsuit have

4  represented to the court in the Underlying Lawsuit that the terms of the February 16, 2009

5  settlement agreement are "clear, straightforward and unambiguous" and that the settlement

6  agreement's "language is clear, direct and unambiguous."

7                 **THE DEPOSITED SETTLEMENT PROCEEDS**

8       18.    Shortly after reaching the February 16, 2009 settlement agreement, and pursuant

9  to further agreement of the parties, defendants in the Underlying Lawsuit voluntarily deposited

10  the full amount of the settlement proceeds into an attorney trust account of nominal plaintiff,

11  with such settlement funds to be held in the account and later disbursed pursuant to agreement

12  of the parties.

13       19.    Pursuant to agreement of the parties in the Underlying Lawsuit, the settlement

14  proceeds are to be released to plaintiffs in the Underlying Lawsuit once the settlement

15  documents are executed and pursuant to instructions in such settlement documents. If such

16  settlement documents are not finalized and executed, the settlement proceeds are to be returned

17  to defendants in the Underlying Lawsuit.

18       20.    A February 26, 2009 letter confirms the agreement with respect to the deposited

19  settlement proceeds. A true and correct copy of the February 26, 2009 Letter is attached as

20  Exhibit A and incorporated as if fully set forth herein.

21       21.    Defendants in the Underlying Lawsuit deposited by wire transfer $500,000 on

22  Friday, February 27, 2009 and the remaining $300,000 on March 2, 2009, into the attorney

23  trust account of nominal plaintiff Howrey LLP. The proceeds remained in an attorney trust

24  account at all times thereafter, until deposited with the Court as part of this interpleader action.

25       22.    Drafts of full settlement documents have been drafted and circulated. Final

26  settlement documents, however, have not yet been executed.

27

28

## CONFLICTING INSTRUCTIONS WITH RESPECT TO
## DEPOSITED SETTLEMENT PROCEEDS

23.    Defendants in the Underlying Lawsuit have demanded the return of the deposited settlement proceeds, and have threatened litigation against nominal plaintiff with respect to the disposition of the deposited settlement funds. Nominal plaintiff fears that unless restrained by an order of the Court, these defendants will file an action on their alleged claim to the deposited settlement proceeds.

24.    Plaintiffs in the Underlying Lawsuit have not authorized release of the funds to defendants in the Underlying Lawsuit and assert that the funds, pursuant to the parties' agreement, should remain in the trust account to be released to plaintiffs in the Underlying Lawsuit when final settlement documents are agreed to and executed, or, alternatively, if and when the settlement is otherwise confirmed.

25.    The instructions of the defendants herein are adverse and conflicting and are made without nominal plaintiff's collusion. Nominal plaintiff is unable safely to determine which of the claims is valid.

## BASIS FOR INTERPLEADER

26.    Nominal plaintiff is a mere stakeholder with no interest in the deposited settlement proceeds whatsoever. Nominal plaintiff faces conflicting, mutually exclusive instructions with respect to the deposited settlement proceeds, exposing nominal plaintiff to double or multiple liability. Nominal plaintiff is unable safely to determine which parties' instruction is right and lawful.

27.    Nominal plaintiff finds it necessary to institute this equitable interpleader action in good faith with respect to the deposited settlement proceeds, bringing into court all persons and entities that make conflicting claims to the deposited settlement funds, based on (a) the conflicting instructions by the claim holders; (b) the repeated representations by all claim holders that the Underlying Lawsuit was settled by a February 16, 2009 agreement; (c) the fact that no party disputes that the agreed-to settlement included a payment of $800,000 to the plaintiffs in the Underlying Lawsuit; (d) the fact that no party disputes that the settlement

1   proceeds were to be deposited in nominal plaintiff's attorney trust account and remain

2   deposited until the proceeds are to be released pursuant to agreement of the parties in the

3   Underlying Lawsuit; (e) the fact that the settlement proceeds are to be released to plaintiffs in

4   the Underlying Action upon the execution of final settlement documents, and (f) the fact that

5   there was no agreement as to the time period within which settlement documents had to be

6   finalized and executed.

### PRAYER FOR RELIEF

WHEREFORE, nominal plaintiff prays for the following relief:

A.    That the Court determines that nominal plaintiff has the right to maintain this
      interpleader action;

B.    That the Court (1) discharge nominal plaintiff from liability and dismiss it from
      this action, (2) require defendants to litigate their claims between themselves
      with respect to disposition of the deposited settlement proceeds, (3) restrain
      defendants from institution or prosecution of an action against nominal plaintiff
      with respect to disposition of the deposited settlement proceeds pursuant to Code
      of Civil Procedure section 386(f), and (4) determine the rights with respect to the
      underlying settlement proceeds as between defendants, which proceeds have
      been deposited concurrently with the Court pursuant to Code of Civil Procedure
      section 386(c);

C.    That the Court award reasonable costs and attorneys' fees from the deposited
      funds pursuant to Code of Civil Procedure section 386.6; and

D.    That the Court award such further relief as the Court deems just and appropriate.

Dated: July 24, 2009                      Respectfully submitted,

                                          HOWREY LLP


                                          by_____
                                             Richard J. Burdge, Jr.
                                             Attorneys for Nominal Plaintiff

# HOWREY LLP

550 South Hope Street
Suite 1100
Los Angeles, CA 90071-2627
www.howrey.com

**Joanne E. Caruso**
Managing Partner
T 213.892.1853
F 213.892.2300
carusoj@howrey.com

February 26, 2009

**VIA EMAIL**

Steve Shaver
Attorney at Law
The Shaver Law Firm
325 Overdale Court
Sunnyvale, TX 75182`

Re:   ***National Corporate Tax Credit Funds III v. Potashnik***
      **Case No. CV-07-3528 PSG (FMOx)**

Dear Steve:

        Pursuant to your discussions with Dale Giali, this will confirm that no later than close of business Friday, February 27, 2009, Defendants in the above-entitled matter and Cheryl Potashnik will wire $800,000 (the Settlement Funds) to the client trust account of Howrey LLP to be held in trust, and not released to plaintiffs, until the Settlement and Closing documents are finalized and the above lawsuit is dismissed, and any release of the Settlement Funds will be pursuant to the instructions set out in the executed Settlement and Closing documents.  If Settlement and Closing documents are not finalized and executed, the Settlement Funds will be returned to Defendants.  Attached are the wiring instructions you should use.

        This will also confirm that the parties agree that any discovery scheduled for or discovery due dates that fell on the week of February 23 (or supplemental discovery responses due now) or fall in the week of March 2 are continued to the week of March 9.  This discovery continuance does not broaden or narrow discovery rights, it simply continues depositions already noticed or responses due now or during this upcoming week.  In addition, the parties agree that neither side waives any rights they otherwise have regarding discovery.

        If you have any questions or disagree with anything stated herein, please let me know.

                                        Sincerely,

                                        Joanne E. Caruso

Enclosure
cc:  Shana A. Izadi
     Jeffrey H. Sussman
     Peter H. Alpert

AMSTERDAM  BRUSSELS  CHICAGO  EAST PALO ALTO  HOUSTON  IRVINE  LONDON  LOS ANGELES
MADRID  MUNICH  NEW YORK  NORTHERN VIRGINIA  PARIS  SALT LAKE CITY  SAN FRANCISCO  TAIPEI  WASHINGTON, DC

DM_US:21936837_1

## *Instructions To Wire Funds To*
## *Howrey LLP*
## *Citibank Client Escrow Account*

To:        Howrey LLP
           550 South Hope Street, Suite 1100
           Los Angeles, CA  90071


From:        _____


Please wire as follows:


CITIBANK, FSB
PRIVATE BANKING GROUP
787 W. 5th Street 28th Floor
LOS ANGELES, CA. 90071

ABA #     321171184

ACCOUNT NAME:      Howrey, LLP
                   Client Escrow Account

ACCOUNT NUMBER:  200011088

REFERENCE CLIENT NAME:  AIMCO/Potashnik (00258.0006.000000)

EXHIBIT "B"

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard J. Burdge, Jr.                                          SBN 89504<br>HOWREY LLP<br>550 South Hope Street, Suite 1100<br>Los Angeles, California  90071-2627<br>TELEPHONE NO: (213) 892-1800      FAX NO. *(Optional):*  (213) 892-2300<br>E-MAIL ADDRESS *(Optional):*  BurdgeR@howrey.com<br>ATTORNEY FOR *(Name):*  Plaintiff Howrey LLP | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES** |
|---|
| STREET ADDRESS:<br>MAILING ADDRESS:  111 North Hill Street<br>CITY AND ZIP CODE:  Los Angeles, California 90012<br>BRANCH NAME:  Central |

| PLAINTIFF/PETITIONER: HOWREY LLP |
|---|
| DEFENDANT/RESPONDENT: BRIAN POTASHNIK, et al. |

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC418556 |
|---|---|

TO *(insert name of party being served):* Lawrence J. Friedman on behalf of defendants listed on addendum sheet

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: August 10, 2009

Richard J. Burdge, Jr.
_____
(TYPE OR PRINT NAME)

► *Richard J Burdge Jr. CCL*
(SIGNATURE OF SENDER – MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1.  ☒  A copy of the summons and of the complaint.
2.  ☒  Other *(specify):* Civil Cover Sheet; Civil Case Cover Sheet and Statement of Location; Notice of Case Assignment, Instructions for Handling Unlimited Civil Cases, and ADR Package.

*(To be completed by recipient):*

Date this form is signed:  8-14-09

x SHAUNA IZADI on behalf of Defendants in Addendum
_____
TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

x _____ on behalf of defendants listed in addendum
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory se<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.USCourtForms.com

**ADDENDUM TO NOTICE AND ACKNOWLEDGEMENT OF RECEIPT—CIVIL**

TO *(insert name of party being served)*:  Lawrence J. Friedman on behalf of Brian Potashnik; Southwest Housing Management Company; Texas Brook Properties Corp.; Southwest Housing Investment, Inc.; Southwest Housing Development Company, Inc.; Texas Melody Properties Corp.; Texas Birchwood Properties Corp.; Arlington Senior Housing Development Corp.; and Texas Kirnwood Properties Corp.

HOWREY LLP

DM US:22340289 1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332 AND 1335 FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES**

was served upon:

**Counsel for Nominal Plaintiff Howrey LLP:**

Richard J. Burdge, Jr.
HOWREY, LLP
550 South Hope Street, Suite 1100
Los Angeles, California 90071
T: 213-892-1800
F: 213-892-2300

**Counsel for Defendants/ Claimholders National Corporate Tax Credit Funds III, IV, VI, VII; and National Corporate Tax Credit, Inc., III, IV, VI, VII**

c/o Jeffrey Sussman
One California Plaza
300 South Grand Avenue, 14th Floor
Los Angeles, CA 90071
T: (310) 991-0399
F: (213) 687-1511

Via U.S. Mail on August 24, 2009

*Janis A. Gabbert*
Janis A. Gabbert

RUTTER
HOBBS &
DAVIDOFF
INCORPORATED
LAWYERS

{}

-6-

NOTICE OF REMOVAL

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George King and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

## CV09- 6181 GHK (RCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY